Dear Representative Diez:
Your request for an Attorney General's Opinion has been directed to me for research and response. As I understand your question, you have asked whether it is legal for local government employees to go onto private property during natural disasters (in this case the aftermath of Hurricane Andrew) to help with cleanup.
Louisiana Constitution of 1974, Article 7, Section 14 (A) provides as follows:
 "Except as otherwise provided by this constitution the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association or corporation public or private. . . ."
Article 7, Section 14 states the general constitutional provision that neither the state nor any political subdivision thereof shall expend it funds or things of value for any person, association, or corporation. At first impression it would appear that this provision of our constitution would mandate a negative response to your question. Additionally, this office has, on numerous occasions opined that parish and police jury machinery and equipment may not be used for private purposes such as the maintenance of private roads (cf. Op. Atty. Gen. 1948-50 p 522, Op. Atty. Gen. 1948-50 p 656, Op. Atty. Gen. 1946-48 p 617, Op. Atty. Gen. 1942-44 p 1227). However, it should be remembered that the Louisiana Constitution of 1974, Article 1, Section 1 also provides that:
 All government of right, originates with the people, is founded on their will alone, and is instituted to protect the rights of the individual and for the good of the whole. Its only legitimate ends are to secure justice for all, preserve peace, protect the rights, and promote the happiness and general welfare of the people. The rights enumerated in this Article are inalienable by the state and shall be preserved inviolate by the state." (emphasis added)
It would seem apparent, that a distinction should be made between the ordinary, day to day use of parish personnel and equipment for the benefit of private individuals, and the use of those same resources to "promote the happiness and general welfare of the people" during time of disaster and emergency.
This position is reinforced by LSA-R.S. 29:701-715, "The Louisiana Disaster Act of 1974." R.S. 29:702 states the purposes of the Louisiana Disaster Act. Among the several purposes enumerated we find the following:
 (3) Provide a setting conducive to the rapid and orderly start of restoration and rehabilitation of persons and property affected by disasters; (emphasis added)
 (4) Clarify and strengthen the roles of the governor, state agencies, and local governments in prevention of, preparation for, and response to and recovery from disasters; (emphasis added)
 (5) Authorize and provide for cooperation in disaster prevention, preparedness, response and recovery; (emphasis added)
 (6) Authorize and provide for coordination of activities relating to disaster prevention, preparedness, response, and recovery by agencies and officers of this state, and similar state-local inter state, federal-state and foreign activities in which the state and its political subdivisions may participate. (emphasis added)
We further note that R.S. 29:704 provides that:
 "`Disaster' means occurrence or imminent threat of widespread or severe damage, injury or loss of life or property resulting from any natural or man-made cause, including but not limited to hurricane, tornado, storm, flood, high water. . . ." (emphasis added)
R.S. 29:705 provides for declarations of disaster emergencies by the governor. R.S. 29:706 provides for the declaration of local disaster emergencies by the principal executive officer of a local governmental subdivision. The purpose of these declarations of disaster emergencies is to give the governor and/or the principal executive officer of a governmental subdivision, the reasonable and necessary powers to deal with existing emergencies. In the case of local disaster emergencies, sub-part B provides that:
 "The effect of a declaration of a local disaster emergency is to advocate the response and recovery aspects of any and all local disaster emergency plans and to authorize the furnishing of aid and assistance thereunder." (emphasis added)
Accordingly, it is the opinion of this office that local government employees may go onto private property during natural disasters to help with cleanup under the following circumstances:
 (A) The cleanup activities are performed pursuant to and during the existence of, a duly declared "disaster emergency", proclaimed by the governor pursuant R.S. 29:705, or
 (B) The cleanup activities are performed pursuant to and during the existence of a "local disaster emergency" duly declared by order or proclamation, pursuant to the provisions of R.S. 29:706; and
 (C) Local officials must be certain that, prior to going upon private property, they execute and maintain with private landowner(s) all necessary waivers of liability which shall insure that the State of Louisiana and the local governmental subdivision will be held harmless for any and all damages which might occur as a result of, or arise out of, the cleanup operations.
I trust that the foregoing satisfactorily answers your question. However, should additional information be needed, please feel free to contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2507s